# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW KING, individually and on behalf of all others similarly situated | § § § | DOCKET NO. 4:17-cv-1279 |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| NOBLE ENERGY, INC. | § § § | |
| Defendant. | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Andrew King ("King" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Noble Energy, Inc. ("Noble" or "Defendant") under the Fair Labor Standards Act ("FLSA").

2. King and the other drilling consultants like him regularly worked for Noble in excess of 40 hours each week without overtime compensation.

3. Instead of paying overtime as required by the FLSA, Noble improperly classified King and those similarly situated as independent contractors, paying a daily rate with no overtime compensation.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.  JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Noble conducts substantial business operations in this District and Division.

## III. THE PARTIES

8. King worked for Noble from approximately January 2012 until October 2014.

9. Throughout his employment with Noble, he was paid a day-rate with no overtime compensation and was classified as an independent contractor.

10. The relationship between King and Noble rises to the level of an employee-employer relationship.

11. For example, Noble dictated King's rate of pay.

12. Noble set King's schedule.

13. Noble decided King's work locations.

14. Noble required King to follow its policies and procedures.

15. Noble prohibited King from working for other employers while working for Noble.

16. Noble precluded King from subcontracting out his work at Noble.

17. King did not provide unique services indicative of a third party contractor.

18. King is a drilling consultant.

19. His consent to be a party plaintiff is attached as Exhibit A.

20. King brings this action on behalf of himself and all other similarly situated drilling consultants who were classified as independent contractors and paid under Noble's day-rate system. Noble paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated drilling consultants or potential class members sought to be certified is defined as follows:

**ALL CURRENT AND FORMER DRILLING CONSULTANTS EMPLOYED BY NOBLE ENERGY, INC., WHO:**

**(1) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS;**
**(2) PAID A DAY-RATE; AND**
**(3) WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK DURING THE LAST THREE (3) YEARS.**

21. Defendant Noble Energy, Inc., is a Delaware corporation headquartered in Houston. Noble may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201. Noble conducts substantial business activities in the Southern District of Texas and throughout the United States.

### IV. COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Noble has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Noble has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Noble has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, King and the similarly situated drilling consultants were engaged in commerce or in the production of goods for commerce.

26. As will be shown through this litigation, Noble treated King (and indeed all of its drilling consultants that it classified as independent contractors and paid a daily rate without overtime compensation) as employees.

27. Noble's misclassification of King and the drilling consultants as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## V. FACTUAL COLLECTIVE ACTION ALLEGATIONS

28. Noble is a global oil and gas exploration and production company operating worldwide and throughout the United States, including in Texas. In order to provide services to many of its customers, Noble contracts with certain companies to provide it with employees to perform the necessary work.

29. Many of these individuals worked for Noble on a day-rate basis and were classified as independent contractors.

30. King and the putative class members worked for Noble under this pay scheme.

31. King and the putative class members worked for Noble as drilling consultants.

32. King and the putative class members received a day rate.

33. King and the putative class members did not receive a salary.

34. King and the putative class members did not receive overtime pay.

35. King and the putative class members are subjected to the same or similar pay practices for similar work.

36. King and the putative class members performed routine tasks for Noble.

37. King and the putative class members worked overtime for Noble.

38. King and the putative class members often worked at least 12 hours a day, often 7 days a week.

39. Without the job performed by King and the putative class members, Noble would not be able to complete its business objectives.

40. King and the putative class members rely on Noble for work and compensation.

41. King and the putative class members work in accordance with the schedule set by Noble.

42. King and the putative class members are not permitted by Noble to subcontract out the work they are assigned to do by Noble.

43. King and the putative class members enforce Noble policies and procedures.

44. King and the putative class members ensure compliance with the quality standards put in place by Noble.

45. King and the putative class members did not substantially invest in the tools required to complete the overall job to which they were assigned.

46. King and the putative class members did not possess any specialized or unique skill set.

47. King and the putative class members did not market their services, while employed by Noble.

48. King and the putative class members worked exclusively for Noble.

49. King and the putative class members did not incur operating expenses like rent, payroll, marketing, and insurance.

50. Noble set King and the putative class members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Noble.

51. Very little skill, training, or initiative was required of King and the putative class members to perform their job duties.

52. Noble required King and the putative class members to work substantial overtime without overtime compensation.

53. Noble classified King and the putative class members as exempt from the overtime requirements, as an independent contractor.

## VI. FLSA VIOLATIONS

54. As set forth herein, Noble has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

55. Noble knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation. Noble's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

56. Accordingly, King and the putative class members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. JURY DEMAND

57. King demands a trial by jury.

## VIII. RELIEF SOUGHT

58. WHEREFORE, King prays for judgment against Noble as follows:

    a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated drilling consultants with

instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Noble liable for unpaid back wages due to King and the putative class members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing King and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Federal ID No. 1093163
    **Lindsay R. Itkin**
    State Bar No. 24068647
    Federal ID No. 1458866
    **Jessica M. Bresler**
    State Bar No. 24090008
    Federal ID. 2459648
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77005
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    litkin@mybackwages.com
    jbresler@mybackwages.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**